IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITES STATES OF AMERICA** | : | |
| v. | : | Cr. No. 13-191-2 |
| **AMBUR HAM** | : | |

**MEMORANDUM**

**SCHMEHL, J.** */s/JLS*                                                                                       OCTOBER 25, 2021

      The Defendant pled guilty in November, 2013 to one count of conspiracy to produce child pornography and three counts of production of child pornography, all in violation of 18 U.S.C. § 2251. The charged crimes were the result of Defendant taking sexually explicit photographs at her boyfriend's request of three female toddlers for whom she babysat. On July 2, 2015, the late Honorable James Knoll Gardner sentenced her to 240 months incarceration, with credit for time served. Defendant has filed a *pro se* letter requesting compassionate release which the Court will construe as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the motion is denied.

      The government informs the Court that the Defendant is serving her sentence at FDC Philadelphia, with an anticipated release date of April 10, 2030. She has served approximately 102 months, and has credit for good conduct time of approximately 13 months, for total time served of approximately 115 months. She has had three disciplinary infractions during her time in custody. All were in 2020 for refusing to obey an order, and two included failing to work as instructed.

As a general rule, a district court may not modify a defendant's sentence after it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825, (2010). However, the First Step Act provides for a compassionate release exception to that general rule, stating that: (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[1], whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction; and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.] 18 U.S.C. § 3582(c)(1)(A); see also U.S.S.G. § 1B1.13 (stating that the court may reduce a term of imprisonment if it finds, after consideration of the factors in § 3553(a), that "[e]xtraordinary and compelling reasons warrant the reduction," "[t]he defendant is not a danger to the safety of any other person or to the community," and "[t]he reduction is consistent with this policy statement").

Although neither U.S.S.G. § 1B1.13 nor Congress defines the term "extraordinary and compelling," the Sentencing Commission's commentary to § 1B1.13, provide guidance. See U.S.S.G. § 1B1.13 cmt. n.1. The commentary provides that "extraordinary and compelling reasons" can include (1) certain specified serious medical

---

[1] The government has waived the exhaustion requirement in this case.

2

conditions (a terminal illness or a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care" in prison and "from which he or she is not expected to recover"); (2) the defendant's advancing age (over 65), in combination with a serious deterioration of his health and his successful completion of at least 10 years or 75% of his sentence; (3) the defendant's family circumstances, and (4) "[o]ther [r]easons ... [a]s determined by the Director of the Bureau of Prisons" to be extraordinary and compelling, either alone or in combination with the three prior reasons. U.S.S.G. § 1B1.13, cmt. n.1.

### **DISCUSSION**

According to Defendant's medical records, Defendant does not suffer from a terminal illness. Nor does she have an incurable, progressive illness or debilitating injury that causes her to be capable of only limited self-care or confined to a bed or chair more than 50% of her waking hours. Her medical records show that she is fully ambulatory and engages in all normal activities of daily living. The only medical impairment indicated from her medical records is an obesity body mass index of 36.9. She is only 28 years old and has served approximately 50% of her sentence. She argues that she should be released because she claims that she has a learning disability

While obesity is a risk factor for contracting Covid according to the Center for Disease Control, the Defendant's medical records reveal that on April 8, 2021, the Bureau of Prisons administered to Defendant the one-dose Johnson & Johnson COVID-19 vaccine. As this Court has explained, "Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions

generally lack merit." *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) (Schmehl, J.).

Courts thus routinely deny relief to an inmate who has been vaccinated. *See, e.g.*, *United States v. Hannigan*, 2021 WL 1599707, at *5-6 (E.D. Pa. Apr. 22, 2021) (Kenney, J.) ("Other courts in the Third Circuit have agreed that the protection provided by an authorized COVID-19 vaccination reduces the risk of serious illness from COVID-19 to such a degree that the threat of the pandemic alone cannot present an extraordinary and compelling reason for compassionate release.") (citing cases); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) (Kearney, J.) ("The risk posed to an inoculated Mr. Roper is not an extraordinary and compelling reason for his release."); *United States v. Jones*, 2021 WL 1561959, at *1 (E.D. Pa. Apr. 21, 2021) (McHugh, J.) ("As the Government itself acknowledges, the scientific consensus surrounding vaccines can change. . . . But as of now, the available data confirms the extreme effectiveness of the vaccines."); *United States v. Willis*, No. 10-416, ECF 239 (E.D. Pa. May 3, 2021) (Padova, J.); *United States v. Newsuan*, 2021 WL 2856509, at *4 (E.D. Pa. July 7, 2021) (Pratter, J.) (68-year-old defendant who presents diabetes, obesity, and hypertension does not present extraordinary circumstance in light of vaccination); *United States v. OteroMontalvo*, 2021 WL 1945764, at *3 (E.D. Pa. May 14, 2021) (Schmehl, J.) (41-year-old defendant presents asthma and obesity, but has been vaccinated; the court dismisses his complaints regarding prison management, stating, "The BOP and FCI Fort Dix administering vaccinations shows that they are taking the appropriate precautions to the COVID-19 pandemic and are safeguarding inmates."); *United States v. Kamara*, 2021 WL 2137589 (E.D. Pa. May 26, 2021)

(Bartle, J.); *United States v. Peterson*, 2021 WL 2156398, at *2 (E.D. Pa. May 27, 2021) (Joyner, J.) (the defendant "suffers from hypertension, asthma, and prediabetes and he is obese and a former smoker," but "[g]iven the significant protection the [Johnson and Johnson] vaccine offers and the declining rates of COVID-19 infections in prisons, we (like many other courts) do not find that Mr. Peterson has presented extraordinary and compelling circumstances at this time]."); *United States v. McBriarty*, 2021 WL 1648479, at *6 (D. Conn. Apr. 27, 2021) (Underhill, J.) ("Given current understanding, the Pfizer vaccine is so effective at preventing serious illness from COVID-19 that the threat of McBriarty's becoming seriously ill is miniscule—and certainly not extraordinary and compelling."); *United States v. Robinson*, 2021 WL 1723542, at *4 (W.D. La. Apr. 30, 2021) (Doughty, J.) (given vaccination, "even though Robinson does have serious medical conditions, there is no extraordinary and compelling reasons supporting compassionate release.").

 The fact that Defendant has been fully vaccinated significantly mitigates the risk of Defendant contracting COVID-19. As a result, the significantly diminished risk of Defendant contracting COVID-19 no longer presents an extraordinary or compelling reason for her release.

 Even if an extraordinary or compelling circumstance was present, the depravity of Defendant's crimes militates against her release. The Court finds that the public needs to be protected from this Defendant. Clearly, releasing this Defendant back into the community after having served a mere 115 months into a 240-month sentence for the production of child pornography would not reflect the seriousness of the offenses,

5

promote respect for the law, nor provide just punishment for the offenses. 18 U.S.C. 3553(a)(2)(A).